UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60161-CR-HURLEY/HOPKINS

UNITED STATES OF AMERICA,

v.

DEMAREST STEVENSON,
a/k/a "Demo,"

        Defendant.
_____/

**STIPULATED FACTUAL PROFFER FOR GUILTY PLEA**

The United States of America, by and through the undersigned Assistant United States Attorney, and the Defendant, personally and through his attorney, hereby submit this stipulated factual proffer to establish the Defendant's guilt of the charges set forth in Counts 1 and 2 of the Indictment:

COUNT 1
MAY 24, 2012 CS BUY OF TWO OUNCES OF POWDER COCAINE FROM STEVENSON

1. On Thursday, May 24, 2012, at approximately 5:00 P.M., DEA Special Agents and Detectives from the Broward County Sheriff's Office (BSO) established surveillance in the area of the 2300 Block of NW 2nd Street, Pompano Beach, Broward County, Florida. Surveillance was established in an attempt to observe a DEA Confidential Source (CS) purchase cocaine from STEVENSON. The CS had recorded and unrecorded telephone conversations with STEVENSON in the presence of law enforcement to arrange the purchase. The following is a summary of a controlled call made in the presence of law enforcement to STEVENSON pertaining to the sale of powder cocaine to the CS by STEVENSON: the CS stated, "Hey, I was trying to see if you can help me locate something." STEVENSON asked, "What are you talking on the soft tip?" The CS stated, "I would like to get it already did if I could." STEVENSON replied, "I'm waiting on two phone calls . . . if I hear something, I'll let you know." The CS asked, "What the numbers gonna be like?" STEVENSON answered, "$550.00 for the baby and anywhere from a stack to 1100 for the 28." The CS responded, "Okay. So, you're gonna call me back?"

STEVENSON stated, "I will call you back in two hours." During this telephone conversation, STEVENSON asked if the CS wanted powder cocaine ("soft tip") or crack cocaine. The CS responded crack cocaine ("I would like to get it already did if I could [powder cocaine cooked to convert into crack cocaine].") STEVENSON quoted the CS a price of $550.00 for 14 grams or half an ounce ("baby") of crack cocaine and a price of between $1,000.00 ("stack") to $1,100.00 for "28" (grams or one ounce) of crack cocaine.

2. At approximately 5:30 P.M., the CS received an unrecorded call from STEVENSON indicating that STEVENSON was ready to complete the drug transaction. Law enforcement searched the CS and the CS' vehicle for contraband with negative results. The CS was provided with devices to record the transaction.

3. At approximately 5:40 P.M., the CS traveled to the 2300 Block of NW 2nd Street Pompano Beach, Broward County, Florida. Surveillance units observed STEVENSON inside a 2001 Oldsmobile Aurora registered to STEVENSON parked on NW 2nd Street awaiting the CS' arrival. The CS arrived and parked beside STEVENSON's vehicle and entered the front passenger side door of STEVENSON's vehicle. The CS paid STEVENSON $2,200.00 and received two ounces of suspected powder cocaine. A short time later, the CS exited STEVENSON's vehicle and reentered the CS' vehicle. At approximately 6:00 P.M., the CS left the residence and drove to a pre-determined location where the CS relinquished custody of the suspected cocaine to law enforcement.

4. A DEA forensic chemist has analyzed the substance seized from STEVENSON on June 27, 2012 and found the same to be ~~102.1~~ 55.0 *N.M.* *A.S. DJC* grams of powder cocaine.

## COUNT 2
### June 27, 2012 CS BUY OF TWO OUNCES OF CRACK COCAINE FROM STEVENSON

5. On or about June 7, 2012 through on or about June 27, 2012, a DEA CS made controlled telephone calls to STEVENSON to negotiate the purchase by the CS of two ounces of crack cocaine from STEVENSON for $2,350.00. The following is a summary of a controlled call made in the presence of law enforcement on June 27, 2012, at approximately 2:30 P.M., to STEVENSON pertaining to the sale of crack cocaine to the CS by STEVENSON: The CS stated, "Hey, my people will be down here in a couple of hours but you never told me what the numbers

were gonna be." STEVENSON replied, "He wanted them shits did up right?" The CS responded, "Yes." STEVENSON stated, "I'm a give you four circles right . . . so that's gonna be $2,350.00." During this telephone conversation, STEVENSON and the CS were clarifying the price of two ounces of crack cocaine ("four circles" or four crack cocaine cookies each weighing approximately half of one ounce) sold by STEVENSON to the CS would be $2,350.00. STEVENSON verified that the CS wanted the powder cocaine cooked and converted into crack cocaine ("the shits done up right.").

6. On or about June 27, 2012, at approximately 3:00 P.M., a 2001 Oldsmobile Aurora registered to STEVENSON parked at his mother's residence located at 2731 NW 9th Street in Pompano Beach, Broward County, Florida. A short time later, STEVENSON was observed driving his 2001 Oldsmobile Aurora eastbound on NW 9th Street. BSO Detectives conducted a vehicle stop of STEVENSON's vehicle in the 2300 block of NW 2nd Street, Pompano Beach, Broward County, Florida.

7. STEVENSON was removed from the vehicle and detained by detectives. Certified K-9 BSO Detective Andrew Weiman and his trained K-9 narcotics dog "Chance" walked around STEVENSON's 2001 Oldsmobile Aurora vehicle. BSO Detective Weiman advised that K-9 narcotics dog "Chance" alerted positively for the presence of narcotics inside. A search of STEVENSON's 2001 Oldsmobile Aurora led to the discovery and seizure of approximately two ounces of suspected crack cocaine divided into four separate circles on the front passenger seat of STEVENSON's vehicle as described by STEVENSON during the previously cited telephone conversation.

8. A DEA forensic chemist has analyzed the substance seized from STEVENSON on June 27, 2012 and found the same to be 52.4 grams of cocaine base, commonly known as "crack cocaine."

9. All of the foregoing happened in Broward County, which is a part of the Southern District of Florida.

10. By his signature below, the defendant verifies that:

    A) he has read and understood the foregoing;

    B) the stipulated factual record is true and correct;

C)   he signs this document freely and voluntarily after he has received the advice of his counsel.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/11/12

By: *[signature]*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

Date: 8/22/12

By: *[signature]*
NEISON MARKS
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 8-22-12

By: *[signature]*
DEMAREST STEVENSON
DEFENDANT