UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60161-CR-HURLEY

UNITED STATES OF AMERICA,

v.

DEMAREST ANTOINE STEVENSON,

Defendant.
_____/

FILED by ____ D.C.

JUL 0 6 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## **DETENTION ORDER**

The Defendant, DEMAREST ANTOINE STEVENSON, appeared before the Court on July 6, 2016, for a detention hearing on the Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 45]. Defendant stated that he waived his right to a preliminary hearing to determine probable cause. Defendant was originally convicted in the Southern District of Florida of distribution of cocaine and possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(ii). *See id.* On December 20, 2012, Senior United States District Judge Daniel T.K. Hurley sentenced Defendant to thirty-seven (37) months imprisonment followed by three (3) years of supervised release. *Id.* Defendant's term of supervised release commenced on March 16, 2015. *Id.*

This Petition was filed on June 27, 2016. Defendant is now charged with the following violations of his supervised release:

1. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 2, 2016, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory. The test was subsequently

1

confirmed positive by Alere Toxicology Services, Incorporated.

2. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 10, 2016, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory. The confirmation of the test [by] Alere Toxicology Services, Incorporated, is pending.

The Government moved for detention on the basis that Defendant is a serious risk of flight or nonappearance. Federal Rule of Criminal Procedure Rule 32.1(a)(6) provides that the magistrate judge may release or detain a person charged with violating probation under the provisions of 18 U.S.C. § 3143(a)(1). Rule 32.1(a)(6) places the burden on the defendant to establish that he will not flee. A defendant shall be detained unless the judge finds by clear and convincing evidence that the defendant is not likely to flee if released.

At the July 6, 2016 hearing, Defendant stipulated to detention with the right to re-visit the issue at a later date. In light of the charges against Defendant, the information contained in the Petition, and the fact that Defendant stipulated to detention, the Court will order detention, with Defendant having the right to a full detention hearing upon request.

It is hereby **ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility. This Court also directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in open court at West Palm Beach, Palm Beach County, in the Southern District of Florida, on this 6th day of July, 2016.

*[signature]*

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE